U.S. DISTRICT COURT - N.D. OF N.Y.

FILED

APR 2 3 2009

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**AUDI AG and VOLKSWAGEN OF AMERICA, INC.,**

        *Plaintiffs,*

  -vs-

**SHOKAN COACHWORKS, INC. and JOHN H. SMITH,**

        *Defendants.*

**STIUPLATION OF SETTLEMENT, FINAL JUDGMENT, PERMANENT INJUNCTION, AND ORDER OF DISMISSAL WITH PREJUDICE**

Civil Action No.
1:07-cv-00173 (NPM/DRH)

---

Based upon the stipulation and consent of plaintiffs Audi AG and Volkswagen of America, Inc. (collectively "Audi") and defendants Shokan Coachworks, Inc. and John H. Smith (collectively "Defendants"), and good cause appearing, the Court hereby enters the following Stipulation of Settlement, Final Judgment, Permanent Injunction, and Order of Dismissal With Prejudice (hereinafter the "Stipulation and Order").

This is an action for trademark infringement filed by Audi against Defendants. Defendants have asserted counterclaims for breach of a prior settlement agreement (the 1991 Settlement Agreement described below) between the parties and for declaratory judgment of non-infringement (hereinafter referred to as the "Lawsuit"). The parties hereby agree to a settlement and stipulation of dismissal and entry of a stipulated permanent injunction. Neither party admits to any liability, breach, or infringement, and each party agrees to bear its own costs and fees. The Parties hereby agree as follows, and the Court hereby ORDERS, ADJUDGES and DECREES:

  1.  This Stipulation and Order constitutes the entire agreement between the parties relating to the settlement of the Lawsuit and shall supersede all prior agreements, negotiations, or

-1-

understandings pertaining hereto; provided, however, that nothing in this Stipulation and Order

shall be construed to modify, amend, alter or in any way affect the terms and conditions of the

Settlement Agreement entered into in 1991 in settlement of the litigation between these same

parties in the Northern District of New York in Civil Action No. 5:90-cv-01172-HGM (the

"1991 Settlement Agreement"). The 1991 Settlement Agreement is incorporated herein by

reference, and attached hereto as Exhibit 1.

      2.      Defendants and their respective employees, agents, successors and assigns, and all

those in active concert and participation with them, are hereby permanently enjoined from the

following:

      (a) any commercial use of any simulation, reproduction, counterfeit, copy, or colorable

imitation of the stylized AUDI® trademark **Audi**, the stylized FOUR-RING LOGO®

⨀⨀⨀⨀, the following composite mark ⨀⨀⨀⨀ Audi, or the stylized QUATTRO® trademark

**quattro**, except as set forth in paragraph 6 below;

      (b) any use of the word or trademark "Audi" as part of its business name such as "All

Audi," "Shokan Audi Parts," or "Audi Parts Warehouse" in any manner such as in answering the

telephone, in emails or other correspondence, on letterhead, on invoices, on business cards, on

packaging material, or in other marketing materials, except that, as set forth below, Shokan has

the right to use the vanity telephone number 800-ALL-AUDI and may exhaust its existing

inventory of boxes that display the phrase "Audi Parts Warehouse;"

      (c) any use of the domain name www.800allaudi.com, except that Defendants shall be

permitted to retain that domain name permanently in a status that resolves to a "404-Page Not

Found" error; and/or

-2-

(d)  instructing, assisting, aiding or abetting any other persons or business entities in engaging in or performing any of the activities referred to above.

3.      Defendants certify they have no inventory of products, goods, promotional materials, signage, business cards, stationery, packaging, or other tangible items in Defendants' possession and/or control as of the date of entry of this Stipulation and Order that violate the injunction in paragraph 2 above.

4.      To the extent permitted under the 1991 Settlement Agreement, and consistent with the rulings of this Court, including this Court's decision entered November 13, 2008 (D.E. 123), Shokan has the right to use the vanity telephone number 1-800-ALL-AUDI.  Shokan may sell or transfer the vanity telephone number 1-800-ALL-AUDI as part of the sale or transfer of all or substantially all of the assets of Shokan, i.e., a sale or transfer of the business.  Shokan shall not sell, transfer, assign, or sub-license the vanity telephone number 1-800-ALL-AUDI except as part of a sale or transfer of the business of Shokan.

5.      Shokan shall be entitled to exhaust its currently existing inventory of shipping boxes that display the phrase "AUDI PARTS WAREHOUSE" as depicted in the photograph attached hereto as Exhibit 2.  Shokan shall not make future orders of shipping boxes that use the phrase "AUDI PARTS WAREHOUSE," and Shokan shall direct its printer of boxes to destroy all dies and tooling for "AUDI PARTS WAREHOUSE" and shall provide evidence of such destruction to Audi's counsel.  Shokan may use the phrase "NEW & USED AUDI PARTS" on its shipping boxes, and shall submit to counsel for Audi for approval by Audi the new shipping box legend.  Audi shall respond to the submission of the box within 10 business days, such approval shall not be unreasonably withheld and shall be consistent with this Stipulation and Order.

6.     Shokan may use photo(s) or image(s) of Audi vehicle(s) it owns on the homepage of its website at www.shokan.com so long as the AUDI FOUR RING LOGO® is removed from the image of the auto(s) (using Photoshop, etc.), and Shokan provides a link to the back pages of its website where Shokan shows its restoration and rebuilding of these cars, and displays photographs of its car collection, such as Shokan's RS6 Rebuild, Rally Car Racing, and other hobby endeavors; the photos of Shokan's vehicles on these back pages of its website, such as the RS6 rebuild, and Shokan's car collection, also known as the "Gallery," of Shokan's website may show the cars it owns with the AUDI FOUR RING LOGO® or other Audi trademarks as they appear on the automobile(s).  For example, the link on the homepage near Shokan's RS6 rebuild should display a phrase similar to "Click Here for More Info..." or the like.  Nothing in this paragraph or this Stipulation and Order shall prevent Shokan from using or displaying pictures of the cars and parts owned by Shokan for sale and dismantling purposes in thumbnail format on Shokan's homepage, which may contain Audi trademarks (including the stylized marks mentioned above) so long as the trademarks are generally not visible on the homepage.  The goal of this paragraph is to ensure that Shokan does not exploit the Audi stylized marks in a prominent manner on the homepage of its website; but Shokan may show pictures of actual automobile(s) and/or part(s) that it is actually dismantling and/or selling in the back pages of its website which contain the stylized marks as they appear on the part(s) and/or automobile(s); by the same token, nothing in this Stipulation and Order provides Shokan the right to use any of Audi's stylized trademarks separate and apart from the automobile(s) or part(s) on which they appear.

7.     If Shokan violates the provisions of paragraph 2, Audi is permitted to petition, immediately and without notice to Shokan, this Court to enforce the terms of this Stipulation and

Order, and seek any remedy allowed in equity or law. For any other alleged violation of this Stipulation and Order, Audi shall give Shokan written notice of such alleged violation and Shokan will have ten business days to cure such alleged violation and respond to Audi. If Shokan fails to cure such alleged violation within ten business days, Audi is permitted to petition this Court to seek relief for such alleged violation, including any remedy allowed in equity or law. The Court hereby retains jurisdiction over the Parties and the subject matter of this action, to enforce the terms of this Stipulation and Order. The Parties hereby consent under 28 U.S.C. 636(c) for Magistrate Judge Homer to have full discretion and authority to resolve any dispute arising out of this Stipulation and Order for so long as he holds that position and to determine any alleged violation hereof, and to fashion appropriate remedies, including an award of attorneys fees to the prevailing party in any such dispute, provided however, that such an award shall be discretionary and not mandatory; the parties agree to execute any necessary documents to effectuate the foregoing consent, at such times as may be reasonable or appropriate.

8.      In reliance on and subject to the fulfillment by the other parties of their obligations hereunder, Audi and Defendants, on behalf of themselves and their successors and assigns, hereby agree to mutually release and discharge each other from any and all causes of action, actions, judgments, liens, indebtedness, damages, costs, attorneys' fees, losses, claims, liabilities and demands of every kind and character at issue in this Lawsuit, up through and including execution of this Stipulation and Order.

9.      This Stipulation and Order may not be amended, modified, superseded, or canceled, and none of the terms, covenants, representations, warranties, and conditions may be waived, except by written instrument signed by both parties. Failure of any party at any time or times to require strict performance of any provision hereof shall not in any manner affect the

-5-

right of such party at a later date to enforce the same.  The parties further stipulate that this Stipulation and Order was jointly drafted.

      10.     This Stipulation and Order shall be binding upon and inure to the benefit of the parties and their respective successors, heirs, and assigns.

<b><u>DISMISSAL OF CLAIMS WITH PREJUDICE</u></b>

      11.     Based upon the parties' stipulation to this Stipulation and Order, all claims asserted in the Lawsuit by Audi against Defendants, and all claims asserted in the Lawsuit by Defendants against Audi, are hereby DISMISSED with prejudice.  Each party shall bear his or its own attorney's fees and costs.

      IT IS SO ORDERED

 

_Neal B. McCurn_

Neal P. McCurn
UNITED STATES DISTRICT JUDGE

DATED: _April 23, 2009_

**AGREED TO:**

| | |
|---|---|
| **AUDI AG** | **VOLKSWAGEN OF AMERICA, INC.** |
| _Debra L. Kingsbury_ | _Debra L. Kingsbury_ |
| By:   DEBRA L. KINGSBURY | DEBRA L. KINGSBURY |
| Its:   ATTORNEY | ASSISTANT GENERAL COUNSEL |
| **SHOKAN COACHWORKS, INC.** | **JOHN H. SMITH, an Individual** |
| _John H. Smith_ | _John H. Smith_ |
| By:   John H. Smith | |
| Its:   owner - pres | |

**APPROVED BY COUNSEL**:

DATED:        April 16, 2009

**HOWARD, PHILLIPS & ANDERSEN**

By: _____

        Gregory D. Phillips

Gregory D. Phillips (*pro hac vice*)
Scott R. Ryther (*pro hac vice*)
Thomas R. Lee, Of Counsel (*pro hac vice*)
560 E. 200 South, Suite 300
Salt Lake City, Utah  84102
Telephone (703) 773-4088

**HISCOCK & BARCLAY, LLP**
John D. Cook
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202-2078
Telephone (315) 425-2885

*Attorneys for Plaintiffs* Audi AG and Volkswagen of
America, Inc.

**COLLEN IP**

By: _____

        Mathew C. Wagner

Matthew C. Wagner
Jeffrey A. Lindenbaum
THE HOLYOKE-MANHATTAN BUILDING
80 South Highland Avenue
Town of Ossining
Westchester County, NEW YORK 10562 U.S.A.
Telephone (914) 941-5668

*Attorneys for Defendants* Shokan Coachworks, Inc. and
John A. Smith

# EXHIBIT -1-

## SETTLEMENT AGREEMENT

This Agreement is entered into by Audi Aktiengesellschaft ("Audi AG"), Volkswagen of America, Inc. ("VWoA") and Shokan Coachworks ("Shokan") in order to settle a trademark dispute reflected in the complaint in Civil Action No. 90-1172, filed by Audi AG and VWoA in the United States District Court for the Northern District of New York ("the Litigation").

Audi AG and its United States licensee, VWoA, manufacture and sell motor vehicles and parts identified by numerous trademarks, including the word "Audi," and the word "Audi" in stylized script framed by an oval (the "Audi Football"). Audi AG has registered as trademarks in the United States Patent and Trademark Office both the word "Audi", Reg. No. 708,352 and the Audi Football, Reg. No. 1,416,584.

Shokan operates a business at High Point Road, West Shokan, New York through which it sells used Audi parts by mail order. Shokan is in no way affiliated with Audi AG or VWoA, and has no authority from Audi to use Audi's trademarks. Shokan is currently using a logo

- 2 -

comprised of the word "Shokan" enclosed in a rust-colored oval with an outside ring which are nearly identical in shape and color to the Audi Football (the "Shokan Logo"). In the Shokan Logo, the word "Shokan" is written in a nearly identical typeface and color as the word "Audi" in the Audi Football.  In addition, the word "Audi" appears in close proximity to the Shokan Logo on Shokan's letterhead, business cards and advertisements.

Audi AG has alleged in the litigation that Shokan has intentionally used a colorable imitation of Audi AG's trademarks to confuse the public and thereby has violated Audi AG's registered trademarks.  Shokan denies these allegations.

NOW, in order to settle the Litigation and resolve the trademark dispute between the parties, it is hereby agreed as follows:

1.   Shokan agrees to stop using the Shokan Logo, and further agrees to send to counsel for Audi AG and VWoA, Nixon, Hargrave, Devans & Doyle, at Shokan's cost, within 30 days of this Agreement, all business cards, letterhead, promotional materials, and envelopes bearing the Shokan Logo.  Shokan further agrees that all items bearing the Shokan Logo, except boxes currently in Shokan's possession, may be destroyed by Audi AG and VWoA,

– 3 –

or their counsel. Boxes bearing the Shokan Logo may be used for six months from the date of this Agreement, after which time Shokan agrees not to use any boxes with the Shokan Logo unless that logo is masked or covered by tape or an adhesive label that does not bear an infringing logo.

2.    Shokan agrees to cancel all future advertising, including yellow pages or telephone listings, that incorporate the Shokan Logo, and to cancel all orders for boxes, packaging materials and any other items that bear the Shokan Logo as currently used.

3.    Shokan agrees that Shokan, its employees, successors and assigns will not infringe Audi AG's tradenames, trademarks or service marks, including the word "Audi", Audi Football or Audi Four-Ring design, or make in any manner whatsoever, any statement or representation or perform any act likely to confuse or lead the general public to believe that Shokan is in any manner, directly or indirectly, associated or connected with, or licensed, authorized, franchised or approved by Audi AG and VWoA or by someone connected with Audi AG and VWoA.

4.    Shokan agrees not to use the word "Audi", except that the word "Audi" may be used by Shokan as an adjective to describe the availability of parts or repair

- 4 -

services for Audi vehicles, provided that the language preceding and following such word be in characters equal and identical in size, type, color, illumination, mounting, spacing, decoration, material and format; and that such use not be as part of a trade or corporate name; and that the phrases "Audi Service", "Audi Repair", "Audi Sales", "Audi Specialist" and "Audi Parts" shall not be used unless it is clear from the context, or by an express disclaimer, that Shokan is not affiliated with Audi AG or VWoA.

5.    Audi AG and VWoA agree that Shokan's new logo, in which "Shokan" appears in a green shape with rectangular sides and an arced top and bottom, and the advertisement attached as Exhibit A, meet the requirements of paragraphs 3 and 4, and shall not be challenged as infringing upon Audi AG's trademarks or trade dress.

6.    Audi AG and VWoA, upon execution of this Settlement Agreement and after the delivery of all business cards, letterhead, promotional materials and envelopes to Nixon Hargrave as provided in ¶ 1, agrees to dismiss the Litigation by executing a Notice of Dismissal in the form attached as Exhibit B.

- 5 -

IT IS HEREBY FURTHER AGREED by and between the parties that in the event suit or action is instituted to enforce any of the terms of this agreement, the prevailing party shall be entitled to recover from the other party such sum as the court may adjudge reasonable as attorneys fees at trial or on appeal of such suit or action, in addition to all other sums provided by law.

Dated:  May 3        , 1991

                                AUDI AKTIENGESELLSCHAFT

                                BY: _____      _____
                                    pps. Peter Lutz      i.V. Klaus Lederung

Dated:  July 8       , 1991

                                VOLKSWAGEN OF AMERICA, INC.

                                By: _____

Dated:  Jan 25       , 1991

                                SHOKAN COACHWORKS

                                By: _____
                                        John Smith

# EXHIBIT A



# EXHIBIT -2-

